# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Richard Armbre Williams, ) | Criminal No: 3:13-1039-MBS |
| ) | |
| Movant, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

Movant Richard Armbre Williams ("Movant") is an inmate in custody of the Bureau of Prisons. He is currently housed at the Federal Correctional Institution-Bennettsville, in Bennettsville, South Carolina. On May 3, 2016, Movant, appearing through counsel, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF No. 51. Respondent United States of America filed a motion to dismiss, or, alternatively, a motion for summary judgment on June 29, 2016. ECF No. 59. Movant filed a response in opposition to Respondent's motion on July 13, 2016. ECF No. 61. On June 20, 2017, Movant, proceeding *pro se,* filed a motion to amend/supplement his § 2255 motion. ECF No. 62. The court **grants** Movant's motion to amend or supplement and has considered all filings submitted by Movant with respect to his § 2255 motion.

       **I.**       **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On December 3, 2013, Movant was indicted for felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e) (Count One). ECF No. 3. Movant entered a plea of not guilty on January 17, 2014. ECF No. 16. However, on May 28, 2014, Movant withdrew his plea of not guilty and pleaded guilty to Count One of the indictment, ECF No. 41, pursuant to a written plea agreement. ECF No. 38. Prior to sentencing, the United State Probation Office

("USPO") prepared a Presentence Investigation Report ("PSR"). The USPO determined Movant's Base Offense Level to be 24, adding a two level adjustment for obstruction. The Probation Officer designated Movant as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e), which increased Movant's offense level to 33. Movant's career criminal designation was based on three convictions which qualified as either a "violent felony" or "serious drug offense" under § 924(e), including: (1) Voluntary Manslaughter, (2) Assault and Battery with Intent to Kill, and (3) Possession with Intent to Distribute Cocaine. Movant received a two level and one level decrease for acceptance of responsibility pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 3E1.1(a) and 3E1.1(b), respectively, bringing Movant's Total Offense Level to 30 with a Criminal History Category of IV. Movant's guideline range was calculated at 135–168 months incarceration. Due to the mandatory minimum sentence required by statute, Movant was sentenced to 180 months imprisonment. Judgment was entered on August 5, 2014. ECF No. 47.

## II. DISCUSSION

Movant, first appearing through counsel, asserts that, in light of the Supreme Court's decision in *Johnson v. United States*, —U.S.— , 135 S. Ct. 2551, 2557 (2015), and *Welch v. United States*, —U.S. —, 136 S. Ct. 1257, 1265 (2016), Movant does not have the requisite number of qualifying predicate offenses to be found an armed career criminal. Movant first contends that based on *Johnson*, his voluntary manslaughter conviction is no longer a predicate offense under the ACCA because it is not a violent felony. ECF No. 51 at 2. Under the ACCA:

> [A] person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C.A. § 924(e)(1). The term "violent felony" is defined in part as, "[A]ny crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another. 18 U.S.C. 924(e)(2)(B). Subsection (i) is commonly referred to as the "force clause." *See, e.g. United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016); *United States v. Gardner*, 823 F.3d 793, 802 (4th Cir. 2016); *United States v. Hemingway*, 734 F.3d 323, 327 (4th Cir. 2013).

To determine whether a state crime qualifies as a violent felony under the ACCA's force clause, the court applies the categorical approach described by the Supreme Court in *Descamps v. United States*, — U.S. —, 133 S. Ct. 2276, (2013); *United States v. Burns-Johnson*, 864 F.3d 313, 318 (4th Cir.), *cert. denied*, 138 S. Ct. 461 (2017). Under the categorical approach, the court examines whether a state crime has as an element the "use, attempted use, or threatened use of physical force against the person of another," and does not consider the particular facts underlying the defendant's conviction. *Descamps*, 133 S. Ct. at 2283. The Supreme Court has defined the term "physical force" under the ACCA as "*violent* force—that is, force capable of causing physical pain or injury to another person." *Burns-Johnson*, 864 F.3d at 316 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) (*Johnson I*)).

Relying on dicta from the Fourth Circuit's decision in *United States v. Torres-Miguel*, Movant argues that voluntary manslaughter is not a violent felony under the force clause because voluntary manslaughter does not have as an element the use of force or threatened use of force. ECF No. 51 at 2; *United States v. Torres-Miguel*, 701 F.3d 165, 169 (4th Cir. 2012) ("[T]o constitute a predicate crime of violence justifying a sentencing enhancement under the Guidelines, a state offense must constitute a *use* or *threatened use* of violent force, not simply *result* in physical

3

injury or death."). According to Movant, "[t]he offense [of voluntary manslaughter] may be committed by poisoning, locking someone in a hot car or shed, pushing a victim into deep water when he can't swim, tricking someone into walking off a cliff or into an oncoming train, leaving someone in extreme cold, or locking the person up in a place which exposes the person to carbon monoxide." ECF No. 51 at 2. Because these methods of committing the offense of voluntary manslaughter do not involve violent physical force, Movant argues that voluntary manslaughter does not meet the requirements of a predicate offense under the ACCA. *Id.* Respondent asserts, however, that Movant's prior conviction for voluntary manslaughter, by its elements, involves the use of physical force against another person, and therefore the conviction qualifies as a predicate offense. ECF No. 59-1 at 11.

When the United State Supreme Court issued its opinion in *United States v. Castleman*, —U.S.—, 134 S. Ct. 1405, (2014), the Court abrogated the Fourth Circuit's statement in *Torres-Miguel* opining that the use of poison would not constitute the use of force under *Johnson I*. *See Burns-Johnson*, 864 F.3d at 318; *In re Irby*, 858 F.3d 231, 238 (4th Cir. 2017) ("[T]he distinction we drew in *Torres-Miguel* between indirect and direct applications of force and our conclusion that poison 'involves no use or threatened use of force,' no longer remains valid in light of *Castleman's* explicit rejection of such a distinction."). In *Castleman,* the Supreme Court explained that when a defendant uses poison against another person, the relevant "'use of force'" . . . is not the act of 'sprinkl[ing]' the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Castleman*, 134 S. Ct. at 1415 (explaining further that under the defendant's faulty logic, one could say that pulling the trigger on a gun is not a "use of force" because it is the bullet, not the trigger, that actually strikes the victim).

4

Voluntary manslaughter is defined in South Carolina as the unlawful killing of a human being in the sudden heat of passion upon sufficient legal provocation. *State v. Cole,* 525 S.E.2d 511, 513 (S.C. 2000). The offense of voluntary manslaughter involves intent on the part of the perpetrator. *State v. Blassingame*, 244 S.E.2d 528, 529 (S.C. 1978). The Fourth Circuit noted that "one cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another."[1] *In re Irby*, 858 F.3d at 238. Therefore, voluntary manslaughter has, as an element, the intentional use of physical force against another. *See White v. United States*, No. 4:11-CR-02164-RBH-1, 2017 WL 4410253, at *4 (D.S.C. Oct. 4, 2017). As such, voluntary manslaughter qualifies as a predict offense under the ACCA. Movant's argument is without merit.

Movant further contends that his South Carolina conviction for assault and battery with intent to kill ("ABIK") no longer qualifies as a "violent felony" under the force clause of the ACCA. ECF No. 51 at 3. South Carolina courts have defined ABIK as "an unlawful act of violent nature to the person of another with malice aforethought, either express or implied." *Suber v. State*, 640 S.E.2d 884, 886 (S.C. 2007). Movant argues that because the only difference between ABIK and assault and battery of a high and aggravated nature ("ABHAN") is the additional element of malice aforethought—which Movant contends does not require the use of violent force—the same ACCA "violent felony" analysis for ABHAN can be equally applied to "violent felony" analysis for ABIK. ECF No. 51 at 3. Movant relied on the Fourth Circuit's decision in *Hemingway*—where the court held that the South Carolina offense of ABHAN was not deemed a

---

[1] This court notes that *In re Irby* involved a conviction under § 924(c), which contains the same "force clause" language found in 924(e). *Compare* 18 U.S.C. § 924(c)(3)(A) *with* 18 U.S.C. § 924(e)(2)(B)(i).

violent felony under the ACCA—to conclude that, like ABHAN, ABIK is not an ACCA violent felony. *Id.*

ABIK, like murder, requires at least a general intent to kill. *United States v. Dinkins*, No. 16-4795, 2017 WL 6371255, at *2 (4th Cir. Dec. 12, 2017); *State v. Dennis*, 742 S.E.2d 21, 27 (Ct. App. 2013). Therefore, South Carolina courts have recognized that what distinguishes ABIK from ABHAN is not malice, but an intent to kill. *Dennis*, 742 S.E.2d at 27. The Fourth Circuit explained in *Dinkins*, that a conviction of ABIK requires the "State prosecutor to prove that the defendant possessed the general intent to kill the victim, meaning that he intentionally performed an act capable of causing death . . . ." *Dinkins*, No. 16-4795, 2017 WL at *3. Looking to *Johnson I* and the language of the force clause, the court reasoned that a person who satisfies the elements of ABIK has surely attempted or threatened to use force capable of causing physical injury or pain. *See id.* The Fourth Circuit ultimately concluded that ABIK categorically constitutes a violent felony under the ACCA force clause. Movant's argument is without merit.

Lastly, Movant argues in his *pro se* motion to amend or supplement that his South Carolina conviction for possession with intent to distribute cocaine, S.C. Code Ann. §§ 44-53-370; 44-53-375, does not qualify as a predicate offense for enhanced sentencing under the ACCA in light of *United States v. Mathis,* —U.S.—, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court observed that the ACCA, 18 U.S.C. § 924(e), imposes a fifteen (15) year mandatory minimum sentence on defendants who have three prior convictions for a violent felony, including burglary, arson, or extortion. The Court noted that district courts are required to compare the elements of the crime of conviction with the elements of the generic version of the listed offense, and if the elements are the same as, or narrower than, those of the generic offense, the prior crime qualifies as an ACCA predicate. 136 S. Ct. at 2247.

The court concludes that the holding in *Mathis* does not apply to Movant's controlled substance conviction. *Mathis* dealt with a sentence enhancement for a "violent felony" under the Armed Career Criminal Act. *See* 136 S. Ct. at 2247. While Movant received an enhanced sentence based on his two prior violent felony convictions, the third conviction, which led to his enhanced sentence, was based on his prior controlled substance conviction. *See United States v. Brunson*, Crim. No. 3:12CR113, 2017 WL 1250996 (E.D. Va. April 3, 2017).

### III. CONCLUSION

For the reasons stated, Respondent's motion to dismiss, or, alternatively, a motion for summary judgment is **GRANTED**. Movant's motion to vacate, set aside, or correct sentence is **DENIED AND DISMISSED.**

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons set forth hereinabove. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Honorable Margaret B. Seymour
Senior United States District Judge

February 8, 2018
Columbia, South Carolina